## 53689. FLOYD v. THE STATE.

SMITH, Judge.

The appellant was convicted by a jury of burglary following the denial of his motion to suppress the evidence seized from his apartment during a consent search immediately after his arrest. The appeal contends the trial court erred in denying the appellant's motion because the warrantless arrest was illegal and the subsequent consent to search was tainted by the illegal arrest. We disagree, and the judgment of conviction is affirmed.

A Savannah police officer investigating a burglary of a business had information received from an eyewitness that three black males had been seen entering the establishment, one of whom was known to the witness as "Geech." The officer and the owner of the business went together into the surrounding neighborhood to investigate, and they saw some children playing with a box which contained beer cans, broken glass, and numerous gumballs of a type contained in two gumball machines taken from the store. The children said they got the box from the man in an upstairs apartment next to where they were standing. The officer called for a backup unit; meanwhile, a black male walked up and asked the officer what was going on. He told the man about the burglary and asked him his name. He responded, "Larry Floyd," whereupon the officer asked if he had a nickname and he responded, "Geech." He was placed under arrest and his rights were read to him. At that point the appellant told the store owner he had all the goods upstairs and would give them back if the owner would not press charges. The owner told him the decision would be up to the police. The officer asked if they could look in the apartment upstairs, and the appellant consented. Inside, they found items identified as taken from the store.

1. A police officer having probable cause may arrest without a warrant "if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be a failure of justice for want of an officer to issue a warrant." Code § 27-207. Under the facts here, the officer was investigating a recently

committed burglary; a black man named "Geech" was suspected; fruits of the burglary were found nearby; they were identified as having come from an adjacent apartment; and a black man strolled up and identified himself as "Geech." The officer thereby obtained sufficient probable cause to conclude that a crime had been committed and that this man had committed it.

Furthermore, when the officer had before him the man reasonably suspected of committing the crime, and the location of the stolen goods was reasonably suspected to be in the adjacent upstairs apartment, the officer was justified in making an immediate arrest without a warrant since the delay in obtaining a warrant very well may have led to a "failure of justice."

2. The search was not conducted "incident to" the arrest; it was conducted pursuant to appellant's consent. The circumstances apparent in the evidence presented show nothing but voluntariness on the appellant's part in granting the consent. The items seized were admissible into evidence.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED APRIL 4, 1977 — DECIDED MAY 27, 1977.

*Calhoun & Donaldson, Walter P. Degenhardt,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney,* for appellee.